

**Denton County**
**Cynthia Mitchell**
**County Clerk**
**Denton, TX 76202**

Exhibit "A"

Instrument Number: 2005-61443

As

Misc General Fee Doc

Recorded On: May 24, 2005

Parties: GIBBS KENNETH VERN
To

Billable Pages: 9
Number of Pages: 9

Comment:

** Examined and Charged as Follows: **

Misc General Fee Doc     30.00
Total Recording:         30.00

************ THIS PAGE IS PART OF THE INSTRUMENT ************

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY because of color or race is invalid and unenforceable under federal law.

**File Information:**
Document Number: 2005-61443
Receipt Number: 196064
Recorded Date/Time: May 24, 2005 11:44A

User / Station: J Morris - Cash Station 1

**Record and Return To:**

AL BARCROFT
P.O. BOX 188
TRENTON TX 75490



THE STATE OF TEXAS }
COUNTY OF DENTON }
I hereby certify that this instrument was FILED in the File Number sequence on the date/time printed hereon, and was duly RECORDED in the Official Records of Denton County, Texas.

County Clerk
Denton County, Texas

Exhibit "A"

## Contract for Sale of Land, Mineral Rights and Royalties, and all other Assets or Monies Received from the Estate of Bert Hughes Gibbs, Kathryn G. Gibbs, and/or the Mary L. Houseworth Trust(s) or "The Kathryn Houseworth Gibbs Irrevocable Trust"

This agreement between Albert Lynn Barcroft, hereinafter **"Barcroft"**, and Kenneth Vern Gibbs, Candace Gibbs Walton, and Howard Kirk Gibbs, hereinafter collectively also **"Gibbs"**, is a **contract for sale of thirty percent 30% of all land, mineral rights, royalties, and any other monies or assets which Gibbs,** or any of the three individuals referred to collectively as "Gibbs" in this agreement, receives, or is due, from this date forward, either collectively or individually, as a result of any inheritance or estate proceeds, or any other property assets received from any trust(s) or transfers from Bert Hughes Gibbs, Mary L. Houseworth, and/or Kathryn G. Gibbs at any time, past, present, or future; including, but not limited to, the following:

a) All proceeds from the Estate of Bert Hughes Gibbs, and/or,

b) All property and/or assets of any kind which are received as a result of any past or future transference from Bert Hughes Gibbs, Kathryn G. Gibbs, or any trust to which Gibbs, or any of the individuals referred to collectively as "Gibbs" in this agreement, are beneficiary; and/or,

c) All inheritance of any kind and in any form by Gibbs, or any of the individuals referred to collectively as "Gibbs" in this agreement; and/or;

d) All proceeds from any lawsuit which currently exists, or may arise, because of, or in connection with, the relationship(s) with Bert Hughes Gibbs, Kathryn G. Gibbs, Kip Hughes Gibbs, Sandra Faye Gibbs, "The Mary L. Houseworth Irrevocable Trust", "The Kathryn Houseworth Gibbs Irrevocable Trust", and any other trust(s) to which Gibbs are beneficiary(ies) or trustee(s) in any form; and/or,

e) All property and/or assets which may have been previously passed to them by Bert Hughes Gibbs, Kathryn G. Gibbs, "The Mary L. Houseworth Irrevocable Trust", and/or "The Kathryn Houseworth Gibbs Irrevocable Trust"; and/or,

f) All other property and/or assets passed to Gibbs, or any of the individuals referred to collectively as "Gibbs" in this agreement, from any source involving Bert Hughes Gibbs, Kathryn G. Gibbs, "The Kathryn Houseworth Gibbs Irrevocable

Contract for Sale of Land, Mineral Rights, Royalties and Other Assets and/or Monies    1    Initials of all parties _____ KVG  CGW  HKG

Exhibit "A"

Trust", and/or "The Kathryn Houseworth Gibbs Irrevocable Trust"; or, any other trust(s) or business organization(s) of any kind, which might be uncovered or discovered in the future; and/or,

g) All property and/or other assets in any trust or former trust; and, any property or other assets in any corporation, limited liability company, partnership(s), sole proprietorship(s), or any other business organization of any kind in which one or more of the Gibbs are owners, trustee(s) or beneficiary(ies).

h.) Specifically exempted from this agreement are any properties and/or other assets which are currently under the full control of Gibbs, or any of the individuals referred to collectively as "Gibbs" in this agreement; provided, however, that if any legal work is required to aid in the collection of said assets, or the sale or control of said property, then said property or other assets shall be subject to the terms, conditions, and considerations set forth within this agreement as part of the property and/or assets listed above, and shall have no exemption to the terms and considerations of this agreement. Also exempted from this agreement are any personal items that were passed to Gibbs from their father, which were not included in the divorce distribution between their mother and father.

**This sale of 30% of all land, property and other assets described herein above shall be governed by the following terms, conditions, and considerations:**

1. Gibbs, or any of the individuals referred to collectively as "Gibbs" in this agreement, shall give their/his/her full cooperation to all efforts by Barcroft to collect any of the funds referred to in this agreement. Said cooperation shall include, but not be limited to, providing necessary information and documentation, being available to give testimony, and giving full support to the overall effort of collecting funds and assets from the sources stated herein.

2. Any party hereto shall have the right to order a complete inventory of all property and other assets described herein at any time, and all parties agree to provide full cooperation to such an effort. Any costs shall be born by the party requesting the inventory.

3. As full consideration, Barcroft agrees to provide, or has provided, the following:

   a) Barcroft has paid to Gibbs a total of twenty-one (21) silver dollars minted by the United States Mint, photocopy of said coins attached hereto as **Exhibit "A"**, and incorporated herein for all purposes as real consideration under this agreement, and Gibbs hereby acknowledges receipt of same with this signing; and,

   b) Barcroft will provide his services, knowledge and best efforts in the pursuit of all available funds, property, and/or other assets from the sources stated herein; and,

   c) Barcroft, at his expense, will provide legal counsel by acquiring a licensed attorney for any reasonable and prudent actions necessary to the collecting of the funds from the sources stated herein; however, should Gibbs, or any of the individual Gibbs, feel that their/his/her interests are not properly served by the attorney Barcroft provides, that party will be responsible for the legal fees of any other attorney(s) hired by Gibbs, or any individual Gibbs, to protect their/his/her individual interests. In that event, it is agreed by all parties hereto that the attorney hired by Barcroft will represent only Barcroft in all future action(s). Furthermore, it is specifically agreed that said attorney hired by Barcroft will represent only Barcroft should a dispute arise between the parties hereto; and, Gibbs, individually and collectively, agree not to claim conflict of interest should said attorney represent Barcroft in a conflict between the parties hereto; and, Gibbs, collectively and individually, hereby waive their/his/her right to claim conflict of interest with regards to said attorney in such instance.

4. It is understood and agreed that Gibbs may cancel or nullify this contract <u>only</u> under the following conditions:

   a) If Gibbs pays over to Barcroft the sum of five million dollars ($5,000,000.00 US) in full, in addition to any money received prior to said one time payment, as liquidated damages and full settlement of all consideration on Gibbs part.

   b.) If Barcroft voluntarily abandons the effort to collect the funds from the sources stated herein; however, in this event, Barcroft shall retain all amounts already received, and will continue to receive any future proceeds from any of the property or other assets, and will retain his ownership interest in any property

which is covered by this agreement and has been brought into the control of Gibbs, or is paying benefits of any kind at the time of Barcroft's abandonment; or, which is brought into the control of Gibbs, or start paying benefits at a later date, provided that said control or payments is a result of actions prior to Barcroft's abandonment.

5. If Barcroft dies or becomes incapacitated, the contract will remain in force, and the assets which have been accessed and are paying at the time of Barcroft's death, or which are later accessed as a result of Barcroft's efforts, will go to his heirs and assigns.

6. It is hereby agreed that there shall be a business organization, the exact type to be agreed upon at a later date, created by the parties hereto; and, that all revenue of any kind received from any of the property and/or assets covered herein shall be deposited into a bank account in that entity's name, and that all expenses necessary to the continuation of revenue being paid to the parties hereto (*i.e.* property taxes on the royalties or property covered herein, and any necessary expenses such as well upkeep, etc.) shall be deducted and paid as required before the 70/30 division agreed to in this contract. Barcroft shall have a 50% vote in the operation of said business organization; and, the only function of said business organization shall be to facilitate the agreement in this contract. Any monies paid out of said business organization, other than the agreed upon split between the parties, shall be agreed upon by all parties hereto. The division shall be divided on a basis of 30% to Barcroft, 23.34% to Kenneth Vern Gibbs, 23.33% to Candace Walton Gibbs, and 23.33% to Howard Kirk Gibbs, at each instance of dispersal to the parties. Any party may demand a split of the assets of said business organization at any time.

7. If either party should break the terms of this agreement in any fashion, or attempt to render the contract invalid, in any way which would require legal action to correct or enforce, the party found at fault, or the party failing to prevail, shall pay all legal expenses of any type for himself/herself, and for the prevailing party.

8. This contract is written to comply with the laws of the State of Texas; and, any provision found by a court of competent jurisdiction to be in non-compliance shall be

Exhibit "A"

automatically amended to comply with said laws in such a manner as to keep the original intent of the provision as closely in place as possible. In no event shall any such findings on one provision affect any other provision within the contract.

9. Notwithstanding any other provision under the law, it is expressly agreed that this contract shall be performable only in Fannin County, Texas; and, any dispute(s) will be resolved in the courts of Fannin County, Texas. The signing hereto of this contract by all parties completes the sale of 30% of all property and assets of Gibbs to Barcroft.

10. This agreement shall be binding on all heirs and assigns of the parties hereto.

11. No lien(s) may be placed upon any of the property covered herein unless such lien(s) is/are agreed to by all parties hereto, reduced to writing, and signed by all parties hereto before a notary public.

12. All agreements between the parties hereto are contained in writing in this contract, and no verbal agreements shall be deemed valid unless contained in writing herein. All amendments hereto must be in writing, and signed by all parties before a notary public.

13. Albert Lynn Barcroft, Kenneth Vern Gibbs, Candace Gibbs Walton, and Howard Kirk Gibbs, the principal parties hereto, hereby agree to this contract in its entirety without reservation; and, each pledge never to challenge the terms, conditions, intentions, and/or considerations under this contract with their respective signing hereunder.

WITNESS OUR HANDS this 10th day of May, 2005.

_____        _____
Albert Lynn Barcroft            Kenneth Vern Gibbs

                                _____
                                Candace Gibbs Walton

                                _____
                                Howard Kirk Gibbs

Exhibit "A"

Contract for Sale of Land, Mineral Rights,                 5                   Initials of
Royalties and Other Assets and/or Monies                                       all parties

## ACKNOWLEDGEMENT

**STATE OF TEXAS**

**COUNTY OF COLLIN**

Subscribed, Sworn, and Sealed

On this 10th day of May in the year 2005, **Albert Lynn Barcroft,** known to me, did personally appear before me; and, after taking the oath, deposes and says that he is the man who executed the foregoing instrument; and, further stated that he executed the same as his free and informed act and deed for the purposes stated therein, and with a full understanding of the scope of the provisions contained therein; and, that he agrees to abide by all said provisions.

_____
Albert Lynn Barcroft

Subscribed and sworn to before me this 10th day of May in the year 2005.


RUBÍ R. JIMENEZ
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 11-08-08

_____
Notary in and for the State of Texas

**STATE OF TEXAS**

**COUNTY OF COLLIN**

Subscribed, Sworn, and Sealed

On this 10th day of May in the year 2005, **Kenneth Vern Gibbs,** known to me, did personally appear before me; and, after taking the oath, deposes and says that he is the man who executed the foregoing instrument; and, further stated that he executed the same as his free and informed act and deed for the purposes stated therein, and with a full understanding of the scope of the provisions contained therein; and, that he agrees to abide by all said provisions.

_____
Kenneth Vern Gibbs

Subscribed and sworn to before me this 10th day of May in the year 2005.

RUBÍ R. JIMENEZ
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp 11-08-08

_____
Notary in and for the State of Texas

Contract for Sale of Land, Mineral Rights, Royalties and Other Assets and/or Monies — 6 — Initials of all parties

Exhibit "A"

Exhibit "A"

STATE OF TEXAS

COUNTY OF COLLIN

Subscribed, Sworn, and Sealed

On this 10th day of May in the year 2005, **Candace Gibbs Walton,** known to me, did personally appear before me; and, after taking the oath, deposes and says that she is the woman who executed the foregoing instrument; and, further stated that she executed the same as her free and informed act and deed for the purposes stated therein, and with a full understanding of the scope of the provisions contained therein; and, that she agrees to abide by all said provisions.

_Candace Gibbs Walton_
Candace Gibbs Walton

Subscribed and sworn to before me this 10th day of May in the year 2005.



_Rubi R. Jimenez_
Notary in and for the State of Texas

RUBI R. JIMENEZ
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 11-08-08

STATE OF TEXAS

COUNTY OF COLLIN

Subscribed, Sworn, and Sealed

On this 10th day of May in the year 2005, **Howard Kirk Gibbs,** known to me, did personally appear before me; and, after taking the oath, deposes and says that he is the man who executed the foregoing instrument; and, further stated that he executed the same as his free and informed act and deed for the purposes stated therein, and with a full understanding of the scope of the provisions contained therein; and, that he agrees to abide by all said provisions.

_Howard Kirk Gibbs_
Howard Kirk Gibbs

Subscribed and sworn to before me this 10th day of May in the year 2005.



_Rubi R. Jimenez_
Notary in and for the State of Texas

RUBI R. JIMENEZ
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 11-08-08

Contract for Sale of Land, Mineral Rights, Royalties and Other Assets and/or Monies

7

Initials of all parties _KUG CGW W_




Al Barcroft
C/O P.O. Box 188
Trenton, Texas
75490 (ULD)

Exhibit "A"