IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALBERT LYNN BARCROFT | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:16-CV-562 |
| | § | |
| KENNETH VERN GIBBS, CANDACE GIBBS WALTON, CHRISTY L. LEE, and PATRICK W. FERCHILL, | § § § | |
| | § | |
| Defendants | | |

**DEFENDANT CHRISTY L. LEE'S MOTION FOR SANCTIONS,
MOTION FOR PRE-FILING INJUNCTION, AND BRIEF IN SUPPORT**

COMES NOW Defendant Christy L. Lee ("Lee") and files the following motion for sanctions under 28 U.S.C. 1927, motion for pre-filing injunction, and brief in support, and would state as follows:

**I. INTRODUCTION**

On July 28, 2016, Albert Lynn Barcroft ("Barcroft") filed suit in Civil Action No. 4:16-CV-562, in a case styled *Albert Lynn Barcroft v. Kenneth Vern Gibbs, Candace Gibbs Walton, Christy L. Lee, and Patrick W. Ferchill*, in the United States District Court for the Eastern District of Texas. In that case, Barcroft asserted claims against Judge Ferchill and Lee, an attorney practicing in Judge Ferchill's court, for an alleged violation of his due process rights and sought specific performance of a contract to which Defendant Lee was not a party. *See* APP-0001-0024. After Barcroft was threatened with sanctions, Barcroft amended his complaint and dismissed Judge Ferchill and Lee from the lawsuit, noting that neither Judge Ferchill nor Defendant Lee were parties to the contract. *See* ECF Doc. 16. Barcroft brought an identical suit in Civil Action No. 16-550, in a case styled *Albert Lynn Barcroft v. Kenneth Vern Gibbs and*

1

*Candace Gibbs*, in the United States District Court for the District of Columbia. *See* APP-0025-0061. This suit was dismissed on August 8, 2016. *See* APP-0062, Order of Dismissal, and APP-0063-0067, Memorandum Opinion. To quote the district court, "this is nonsense." APP-0065.

Furthermore, Barcroft has a long history of filing vexatious and frivolous lawsuits. Defendant Lee is the latest victim of the harassing, oppressive, and vexatious litigation tactics repeatedly perpetrated by Barcroft. For the reasons stated below, Defendant Lee respectfully requests the Court to sanction Barcroft to the fullest extent allowed by 28 U.S.C. 1927, Local Rule CV-65.1, and the Court's inherent authority and enjoin him from abusing the judicial system through any further frivolous filings without prior Court approval.

## II. FACTUAL BACKGROUND

In two separate proceedings in Judge Ferchill's court, Barcroft was involved in a quagmire of unnecessary and frivolous claims designed to delay and obstruct the judicial process. APP-0068-0097 and APP-0098-0099. The two proceedings were both heard by Judge Ferchill in Case No. 2005-0000126-2-D (the "D Proceeding") and Case No. 2005-0000126-2-E (the "E Proceeding"). *Id.* Barcroft's conduct during these proceedings can be described as nothing less than vexatious.

In response to numerous sanctions filed against his friend and confidant Howard Gibbs ("Gibbs"), Barcroft filed a Verified Motion or Notice to Recuse Judge Ferchill in the D Proceeding. (*See* APP-0100-0125). At a February 23, 2016, hearing, Judge Ferchill again sanctioned Gibbs $22,423, provided a March 23, 2016 deadline for payment, and scheduled a status hearing on the matter for May 17, 2016. (*See* APP-0126-0127). He warned Gibbs that he faced "death penalty" sanctions if he failed to comply with the court's orders. *Id.* Gibbs, however, failed to comply. Instead, Gibbs filed suit in Civil Action No. 4:16-CV-345, in a case

styled *Howard Kirk Gibbs v. Christy Lee, et al.,* in the United States District Court for the Northern District of Texas just three days prior to a hearing to consider the death penalty sanctions, causing Judge Ferchill to recuse himself entirely from both proceedings. (*See* APP-0128, APP-0129.)

The conduct of both Gibbs and Barcroft in the E Proceeding was no less contumacious and is emblematic of their willingness to do anything to disrupt the Court and to harass other parties. The E Proceeding involved a sham Panamanian foundation, parties who resided out of the country, and a distinctly curious cooperation between Barcroft, who was the Plaintiff, and Gibbs, one of the Defendants. Pentex Foundation ("Pentex") sued Gibbs and Defendants Kenneth Gibbs ("K. Gibbs") and Candace Walton ("Walton"), seeking the recovery of attorneys' fees allegedly paid by the estate. According to Pentex, the estate paid for attorneys' fees before any distributions in violation of an agreement between the parties. Pentex claimed that this unfairly reduced payments to Barcroft, who purportedly assigned his interest in the estate to Pentex. Judge Ferchill eventually determined that Pentex was, in fact, the alter ego of Barcroft and dismissed Pentex/Barcroft's claim for the recovery of these fees. *See* APP-0130-0131.

Barcroft has a long-established pattern of abusing the legal system:

1. In 2001, Barcroft sued numerous defendants, including the Internal Revenue Service. *See* APP-0132-132.8. The case was removed to the United States District Court for the Eastern District of Texas, where the court dismissed the case for lack of jurisdiction. *Id.*

2. In 2001, Barcroft filed suit in Cause No. 3:01-CV-0011 in a case styled *Barcroft v. Morinda, Inc.,* in the United States District Court for the Eastern District of Texas, claiming violation of his constitutional and statutory rights, including violation of the Thirteenth Amendment prohibiting involuntary servitude as a result of a distribution agreement between Barcroft and Morinda, Inc. *See* APP-0133-0193. Barcroft stated that he "was not, at any time relevant hereto, a citizen of the United States, nor did he claim to be a citizen of the United States, and [he] does not have a social security number." APP-135. The court dismissed the case

and compelled arbitration despite Barcroft's attempt to argue constitutional violations. *See* APP-0194.

3. In 2002, Barcroft filed suit against the United States in Cause No. 1:02-CV-315, in a case styled *Barcroft v. USA,* in the United States Court of Federal Claims. *See* APP-0195-0196. The court summarily dismissed the case under Federal Rule of Civil Procedure 12(b)(1).

4. In 2004, Barcroft filed suit in Case No. 1:04-CV-00651, in a case styled *Albert Lynn Barcroft v. County of Fannin, et al.,* in the United States District Court for the District of Columbia. *See* APP-0197-0247. Barcroft sued 14 entities and individuals, including the County of Fannin, the City of Paris, and the State of Texas. Barcroft sued in the capacity of a "sovereign state citizen." The district court dismissed the case for lack of jurisdiction. *See* APP-0248-0260.

5. In 2007, Barcroft asserted his sovereignty and brought counterclaims against, among others, the Internal Revenue Service, Experian, and Bank of America in Civil Action No. 4:07-CV-100, in a case styled *IRS v. Albert Lynn Barcroft* in the United States District Court for the Eastern District of Texas. In that litigation, Barcroft claimed that his religious rights had been violated by the various parties. *See* APP-0261-0273. After over 400 filings and two years of litigation, the court entered judgment against Barcroft for the taxes owed. *See* APP-0274-0280.

6. In 2016, Barcroft filed suit in Civil Action No. 4:16-CV-562, styled *Albert Lynn Barcroft v. Kenneth Gibbs, Candace Walton, Patrick Ferchill, and Christy Lee,* in the United States District Court for the Eastern District of Texas, against Judge Ferchill and Christy Lee, among others, alleging various constitutional violations. *See* APP-0025-0061.

7. In 2016, Barcroft filed a suit in Civil Action No. 16-550, in a case styled *Albert Lynn Barcroft v. Kenneth Vern Gibbs, et al.,* in the United States District Court for the District of Columbia. *See* APP-0025-0061. The court dismissed that case for lack of jurisdiction. *See* APP-0062-0067. In that case, Barcroft raised the same sovereign citizen arguments he has been raising for the past fifteen years. *Id.*

Based on numerous judicial admissions in his own pleadings, it is abundantly clear that Barcroft is a member of the sovereign citizen movement.[1] Barcroft espoused those principles at length in his *Greatest Story Never Told . . . Until Now*, copyrighted in 1999. *See* Albert Barcroft, *The Greatest Story Never Told . . . Until Now,* (Atarid Indus. Press, 2nd ed. 2001),

---

[1] The sovereign citizen movement is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes or proceedings. *United States v. Weast*, 811 F.3d 743, 746 (5th Cir. 2016).

http://highfrequencyradionetwork.com/wp-content/uploads/2015/06/Greatest-Story-Never-Told-UNTIL-NOW.pdf. The crux of his work consists of a step-by-step guide on how to evade justice with a heavy focus on ways to avoid paying federal taxes. According to Barcroft, anybody facing legal challenges in the United States should first raise venue and jurisdiction issues; if that tactic proves unsuccessful, then the litigant should raise other issues designed to stall the case, such as civil rights violations. The goal is to prolong proceedings indefinitely.

Barcroft's pleadings in the D and E cases followed this pattern unerringly. When either Barcroft or Gibbs was faring poorly, the other would plead an issue certain to continue the matter. As Gibbs admitted during deposition on August 27, 2015, he and Barcroft are "good friends," and he, Gibbs, trusted Barcroft "one hundred percent," even though Barcroft sued him in the E Proceeding. *See* APP-0281-0288, 71:5-16.

During the pretrial hearing on February 23, 2016, Gibbs understood that he was in danger of losing his entire inheritance. And Barcroft had a unique, very personal interest in the outcome. Gibbs had promised to give Barcroft a portion of his future inheritance should he prevail against Walton and Kenneth. Gibbs. *See* APP-0285-0288, 102:5-103:11. Both Barcroft and Gibbs were anxious to halt proceedings until their opposition could no longer afford to pursue the litigation, which they had discussed accomplishing at least as far back as August 7, 2014. *See* APP-0290-292.

On March 18, 2016, Barcroft filed his Original Complaint in U.S. District Court in the District of Columbia. *See* APP-0025-0061. On May 18, 2016, Judge Ferchill was forced to recuse himself. *See* APP-0129. Stepping up his campaign of harassment, Barcroft amended his Complaint to include Judge Ferchill and Attorney Lee as defendants. *See* APP-0294-0343 and APP-0344-0362. Soon after the court determined that it did not have jurisdiction, and that a

5

dismissal was likely, Barcroft filed an Original Complaint in U.S. District Court for the Eastern District of Texas, again naming Judge Ferchill and Counsel Lee as defendants. *See* APP-0062, APP-0063-0067.

Barcroft's vexatious conduct in the present case repackages the same frivolous arguments he has used for more than ten years. The present case, however, has the additional sinister component of harassing and disqualifying a sitting judge and delaying the resolution of an estate dispute that has been ongoing for years. Barcroft's conduct of deliberately interrupting the D Proceeding with the intent to harass the court and counsel while prolonging justice in order to increase the opposition's legal fees is an affront to the justice system.

Judge Ferchill's disqualification means that the newly assigned judge, the Honorable Oswin Chrisman, a visiting judge from Dallas County, must acquaint himself with 513 pleadings, notices, other miscellaneous filings, hearing transcripts, and orders that are on the docket in the D Proceeding alone. *See* APP-0068-0097 and APP-0098-0099.  Transfer of the case to a new judge imposes a heavy burden on court resources and increases the cost of the litigation for all parties.  Barcroft should be sanctioned for his abusive litigation tactics with monetary penalties and a pre-filing injunction requiring that he seek the Court's permission before filing any further actions in state or federal court.

### III. ARGUMENT AND AUTHORITIES

**A.      The Court should impose a pre-filing injunction to prevent Barcroft from engaging in vexatious, abusive, and harassing litigation.**

Federal courts have the inherent power to enjoin plaintiffs who abuse the court system and harass their opponents. *Clark v. Mortenson,* 93 Fed.Appx. 643, 654 (5th Cir. 2004)*; see also Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir.1986) (recognizing the district court's inherent power to protect its jurisdiction and judgments and to control its own dockets);

6

*Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1115 (5th Cir.1986) (holding that a district court may impose a pre-filing injunction to bar a litigant from filing any additional actions without first obtaining leave from the district court so as to deter vexatious filings). Further, federal courts possess the power to issue narrowly-tailored orders to enjoin vexatious litigants from filing future state court actions without permission from the court. *Newby v. Enron Corp.,* 302 F.3d 295, 301 (5th Cir. 2002). A pre-suit injunction does not violate the Anti-Injunction Act, 28 U.S.C. §2283, which creates an absolute bar to a federal court staying a pending state court proceeding. *Id.* Rather, a pre-filling injunction prevents only prospective state court actions. *Id.* "Injunctions against future filings must be tailored to protect the court and innocent parties, while preserving the legitimate rights of litigants." *Ferguson,* 808 F.2d at 360.

In determining whether to impose a pre-filing injunction to deter vexatious filings, a court must weigh all the relevant circumstances, including the following four factors:

(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits;

(2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass;

(3) the extent of the burden on the courts and other parties resulting from the party's filings; and

(4) the adequacy of alternative sanctions.

*Baum v. Blue Moon Ventures, LLC,* 513 F.3d 181, 189 (5th Cir. 2008).

"Injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant received notice and an opportunity to oppose the court's order before it was implemented." *Flores v. United States Attorney General,* 2015 WL

7

1088782 at *4 (E.D. Tex. March 4, 2015) (quoting *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir.2007)).

Barcroft has a long history of engaging in abusive litigation tactics. He has shown, time and again, that he pursues cases against individuals, public officials, private entities and even the government to harass those parties and evade justice. Barcroft files suits against not only individuals acting in their capacities as public officials, but the state and federal agencies themselves in an attempt to harass and delay the judicial process. Barcroft's history of harassing litigation is such that the only appropriate sanction is the imposition of a pre-filing injunction.

B.     **The Court should impose sanctions on Barcroft under 28 U.S.C. 1927 and Local Rule CV-65.1 for engaging in vexatious, abusive, and harassing litigation.**

28 U.S.C. § 1927 provides that, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions under § 1927 are appropriate "when the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in . . ." *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir.1994). Sanctions require "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir.1998).

Under § 1927, the fees, expenses, and costs associated with persistent prosecution of a meritless claims may be awarded. *Thomas v. Capital Sec. Serv., Inc.*, 836 F.2d 866, 875 (5th Cir.1988) (*en banc*). While the standard under 28 U.S.C. § 1927 is vexatious multiplication of litigation, a district court may invoke this provision to award fees and costs for an entire course of proceedings if the case should never have been brought in the first place. *Lewis v. Brown &*

*Root, Inc.,* 711 F.2d 1287, 1292 (5th Cir.1983), *clarified on reconsideration,* 722 F.2d 209 (5th Cir.1984), *cert. denied,* 464 U.S. 1069 (1984). Further, sanctions are appropriate as to *pro se* litigants. *See gen., Lapin v. U.S.,* 118 F.R.D. 632, 636 (D. Haw. 1987); *Prewitt v. Alexander,* 173 F.R.D. 438 (N.D. Miss. 1996) *aff'd*, 114 F.3d 1183 (5th Cir.1997) (unpublished).

Additionally, the Local Rules for the Eastern District of Texas contemplate the imposition of sanctions against vexatious *pro se* litigants. Specifically, Local Rule CV–65.1(b) provides that, "[o]n its own motion or on motion of a party, and, after an opportunity to be heard, the court may at any time order a *pro se* litigant to give security in such amount as the court determines to be appropriate to secure the payment of any costs, sanctions, or other amounts which may be awarded against a vexatious *pro se* litigant." Judges within the Eastern District have issued sanctions against vexatious *pro se* litigants under this Rule. *See, e.g, Fox v. City of Jacksonville*, No. 2:10–CV–158, *Order* (ECF Doc. 56, July 21, 2011) (Ward, J.) (ordering plaintiff to obtain permission of court before filing any future litigation in the Eastern District of Texas) and Report and Recommendation (ECF Doc. 51, June 13, 2011) (Everingham, J.); *Garland v. Toledo Finance Corp.*, No. 5:10–CV–29, *Memorandum Order* (ECF Doc. 37, June 21, 2010) (Folsom, J.) (determining that plaintiff is a vexatious litigant and ordered prohibited from proceeding with any civil action in this court unless he first obtains leave to proceed from a district judge in this court).

Barcroft has a history of litigating frivolous claims regarding alleged violations of due process and other constitutional violations. Courts have uniformly dismissed these cases at every turn. In this case, the claims filed by Barcroft were patently frivolous. Defendant Lee was not a party to the contract under which Barcroft sought specific performance, a fact he noted in his amended complaint, dismissing Defendant Lee. ECF # 16 at 1 n. 1. Further, to the extent

Barcroft alleges deprivation of his rights, this claim was frivolous because Defendant Lee is not a state actor and therefore cannot deprive any person of due process. An attorney is not a state actor for purposes of a § 1983 claim, and only owes a duty to his client and not the public or state. *See Polk County v. Dodson,* 454 U.S. 312, 318-19 (1981). Further, a private attorney cannot be held liable under a §1983 claim in the absence of an actionable conspiracy. *Slavin v. Curry,* 574 F.2d 1256, 1263 (5th Cir. 1978). These claims were brought merely to harass Defendant Lee. Barcroft had no good faith basis for pursuing this litigation.

Additionally, Barcroft has an extensive history of bringing frivolous claims to harass opposing parties. This history conclusively establishes that Barcroft was acting in bad faith. The burden on the courts and other parties resulting from his frivolous filings is substantial. Judge Ferchill is represented by the Tarrant County District Attorney's Office, causing a needless expenditure of taxpayer dollars to pay for his defense. Due to Judge Ferchill's recusal, it has burdened another court who now must read and digest the voluminous court filings in the probate court. Defendant Christy Lee is a solo practitioner and has personally incurred significant fees and expenses to defend herself. There are no adequate alternatives that would effectively deter their repeated, vexatious litigation tactics. Therefore, the Court should sanction Barcroft and impose a pre-filing injunction.

## IV. CONCLUSION

For the reasons stated, Defendant Christy L. Lee respectfully requests that this Court:

1. Hold a hearing on her motion for sanctions and motion for a pre-filing injunction;
2. Impose pre-filing injunctions against Albert Lynn Barcroft requiring that he seek the Court's permission before filing any further actions in state or federal court;

3. Grant Defendant Lee's motion for sanctions against Barcroft and order Barcroft pay reasonable attorneys' fees and other costs and expenses incurred by Defendant Lee, which were directly caused by his vexatious conduct; and

4. Grant Defendant Lee any further relief to which she is entitled.

        Respectfully submitted,

        /s/*Joseph F. Cleveland, Jr.*
        Joseph F. Cleveland, Jr.
        Texas State Bar No. 04378900
        jcleveland@belaw.com

        BRACKETT & ELLIS
        A Professional Corporation
        100 Main Street
        Fort Worth, TX 76102-3090
        Telephone: 817/338-1700
        Facsimile: 817/429-9181

        ATTORNEYS FOR DEFENDANT
        CHRISTY L. LEE

**CERTIFICATE OF CONFERENCE**

Pursuant to LR CV-7(i), no conference is required because Plaintiff Albert Lynn Barcroft is appearing *pro se*.

/s/*Joseph F. Cleveland, Jr.*
Joseph F. Cleveland, Jr.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2016, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Eastern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means as follows:

Albert Lynn Barcroft, *pro se*
4344 East 1950 Road
Fort Townson, Oklahoma 74735

/s/*Joseph F. Cleveland, Jr.*
Joseph F. Cleveland, Jr.

590980-v1/14667-002000